UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FRID MOISE,

    Plaintiffs,

v.

COVENANT TRANSPORT, INC,

    Defendants.
_____/

## COMPLAINT

Plaintiff, FRID MOISE (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, COVENANT TRANSPORT, INC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Americans with Disabilities Act of 1990 42 U.S.C. § 12111, *et seq*. ("ADA"), Tto redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction). Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff continues to be, a resident of Broward County, Florida.

4. Plaintiff was an employee of Defendant conducted business in Broward County, Florida.

5. On January 16, 2018, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

6. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff was employed by Defendant as an over the road truck driver from on or about September 8, 2017.

8. On October 6, 2017 Plaintiff was enrolled in the Defendant's group health insurance plan.

9. Plaintiff delivered a shipment from Georgia to California.

10. On his way back to Chattanooga, Tennesse from California he fell very ill.

11. Plaintiff was experiencing extreme stomach pain and his stool was black and filled with blood.

12. When Plaintiff returned to Defendant's Headquarters in Tennessee he went to the emergency room.

13. Plaintiff was told by the ER doctor that he was suffering from internal bleeding in his abdomen.

14. The ER doctor's orders were to go and see his primary doctor in Ft. Lauderdale immediately.

15. Plaintiff informed his supervisor, the fleet manager of his issue and it was ignored.

16. Instead, Plaintiff was given an assignment to pick up a load in Pennsylvania.

17. On or about December 2, 2017 Plaintiff informed his fleet manager once again that he had to go home and seek medical attention.

18. At that time Plaintiff and his co-driver were in Pennsylvania where they had been waiting for two additional days only to find out that there was no load for them to pick up.

19. Plaintiff was then ordered to drive to Ohio to pick up another load that was supposedly waiting for them.

20. Plaintiff and his co-driver drove their unloaded truck from Pennsylvania to Ohio.

21. Upon arriving in Ohio, Plaintiff and his co-driver waited for yet another three days without another load to pick up.

22. On Plaintiff's second day in Ohio his condition worsened considerably.

23. Plaintiff informed Defendant of the pain that he was experiencing and told him that he could no longer wait to get back to Chattanooga.

24. Plaintiff informed Defendant that he would have to seek care from his Primary Doctor in Ft. Lauderdale, Florida.

25. Plaintiff informed Defendant that if he did not have a load to move within 24 hours then he would be going home to seek medical attention.

26. After a verbal dispute with the Defendant that night, Plaintiff was told that he could no longer sleep in the truck and that if did the police would be called.

27. Plaintiff and his co-driver had slept in the truck during the whole time he was employed for Defendant as it is customary for truck drivers to do so.

28. Plaintiff informed the Defendant that he would be going back to Florida to seek medical attention and purchased a plane ticket from Ohio to Florida.

29. Upon meeting with his primary doctor and being assigned a hospital room for about a week or two, Plaintiff was informed that his insurance coverage had been terminated.

30. Plaintiff called the company to find out that he had been terminated from his place of employment as well as his insurance coverage as of December 4th 2017.

## COUNT I
### *Disability Discrimination in Violation of the ADA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff is a member of a protected class under the ADA.

33. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

34. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

37. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

38. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____7/10/2019_____   Respectfully submitted,

/s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
**COMEAU BUILDING**
319 Clematis Street, Suite 606
West Palm Beach, FL 33401
Telephone: (561) 225-1970
Facsimile: (305) 416-5005